## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Taco John's International, Inc., and Spicy
Seasonings, LLC,

      Plaintiffs,

v.

Taco Chon Mexican Grill LLC, Taco Chon
Mexican Grill II LLC, and Juan Ramos a/k/a
Juan Ramos Gutierez a/k/a Juan Jose Ramos-
Gutierez,

      Defendants.

Civil Action No. _____

**COMPLAINT**

### COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES

Taco John's International, Inc. ("TJI") and Spicy Seasonings, LLC ("Spicy Seasonings", together with TJI, "Taco John's" or "Plaintiffs") through their undersigned counsel, hereby submit this Complaint for Injunctive Relief, Judgment, and Damages against Taco Chon Mexican Grill LLC, Taco Chon Mexican Grill II LLC, and Juan Ramos a/k/a Juan Ramos-Gutierez a/k/a Juan Jose Ramos Gutierez (collectively, "Defendants"), as follows:

### <u>INTRODUCTION</u>

1.     For over 50 years, Plaintiffs have marketed, promoted, and sold goods and services bearing their famous and distinctive trademark "Taco John's" (the "Mark"), which is covered by several incontestable federal trademark registrations.

2.     Despite Plaintiffs' longstanding rights in "Taco John's", Defendants opened two restaurants under the mark "Taco Chon". These restaurants provide the substantially similar quick-service Mexican cuisine as Taco John's and are located less than 5 miles from existing Taco John's locations and, therefore, are likely to cause confusion, mistake, or deception.

3.     Defendants' use of the term "Taco Chon" is an attempt to trade on the goodwill and commercial magnetism that Taco John's has built up in the Mark and to free-ride on Taco John's fame as a preeminent Mexican restaurant brand. Taco John's brings this action at law and in equity for trademark infringement, trademark dilution, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*, as well as Minnesota's Uniform Deceptive Trade Practices Act and Trademark Dilution under Minnesota state law.

## PARTIES

4.     TJI is a Wyoming corporation with its principal place of business at 808 W. 20th Street, Cheyenne, Wyoming 82001.

5.     Spicy Seasonings is a Wyoming limited liability company with its principal place of business at 67 Goose Lane, Sheridan, Wyoming 82801.

6.     Taco Chon Mexican Grill LLC is a Minnesota limited liability company with its principal place of business at 3009 16th Ave. S. Apt 2, Minneapolis, Minnesota 55407-5540. Upon information and belief, Juan Ramos a/k/a Juan Ramos-Gutierez a/k/a Juan Jose Ramos Gutierez is the sole member of Taco Chon Mexican Grill LLC.

7.     Taco Chon Mexican Grill II LLC is a Minnesota limited liability company with its principal place of business at 2956 W. Davidson St., St. Cloud, Minnesota 56301. Upon information and belief, Juan Ramos a/k/a Juan Ramos-Gutierez a/k/a Juan Jose Ramos Gutierez is the sole member of Taco Chon Mexican Grill II LLC.

8.     Juan Ramos a/k/a Juan Ramos Gutierez a/k/a Juan Jose Ramos-Gutierez is an individual who, upon information and belief, is domiciled in Minnesota.

## JURISDICTION AND VENUE

9.       This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. §1121, 28 U.S.C. §1331 and 28 USC § 1338. This matter involves a federal question arising under Acts of Congress relating to trademarks and unfair competition.

10.      Personal jurisdiction is proper in Minnesota because (a) Defendants reside in or were organized under the laws of Minnesota and maintain a principal place of business there; (b) Defendants marketed, offered for sale, and/or sold goods and services under the term "Taco Chon" within the State of Minnesota; and/or (c) Defendants have otherwise made or established contacts within the State of Minnesota to permit the exercise of personal jurisdiction.

11.      Venue is proper in this forum, pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendants infringed on Taco John's trademark in Minnesota.

## FACTUAL ALLEGATIONS

12.      TJI is an owner-operator and franchisor of quick service Mexican restaurants.

13.      TJI has 372 locations throughout the United States including 57 in Minnesota.

14.       Spicy Seasonings is the owner of the service and trademark – "Taco John's". Spicy Seasonings has the following United States service and trademark registrations for the Mark: Registration Numbers 1,088,950, 1,617,184, and 1,627,389. Copies of these registrations are attached as Exhibits 1, 2 and 3.

15.      The validity of Registration Numbers 1,088,950, 1,617,184, and 1,627,389 and TJI's right to use them in commerce is incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

16.      Spicy Seasonings licenses the Mark to TJI. TJI, in turn, licenses the Mark to its franchisees.

17.     TJI also uses the mark in several TJI-owned and operated restaurants.

18.     The relationship between TJI and its franchisees is governed by franchise agreements that allow the franchisees, for a term of years, to use TJI's trademarks, service marks, and licensed methods in exchange for royalties and other benefits.

19.     Taco John's began using the Mark in interstate commerce as early as 1970.

20.     Since Taco John's began using the Mark, it has expended considerable time, money, and effort in developing, promoting, and marketing the goods and services identified by the Mark. The public has come to recognize food, beverages, and restaurants bearing the Mark as coming from Taco John's and its franchisees. Taco John's has established a distinguished reputation with the public as to the quality of its goods and services. The goodwill associated with the Mark continues to be a unique benefit to Spicy Seasonings, TJI, and TJI's franchisees.

21.     In or about January 2022, Taco John's learned that Defendants were using the mark "Taco Chon" as the name of their restaurants in Burnsville, Minnesota and St. Cloud, Minnesota.

22.     The Burnsville "Taco Chon" restaurant is located only 4 miles from a Taco John's restaurant at 4111 Egan Dr, Savage, MN 55378.

23.     Likewise, the St. Cloud "Taco Chon" restaurant is located a mere 1.2 miles from a Taco John's restaurant at 29 Division St, Waite Park, MN 56387.

24.     Defendants are also using the "Taco Chon" term to market their restaurants online through the domain names "www.tacochonmn.com" and www.tacochon2.com.

25.     Defendants are using the term in the exact same trade channel as TJI and its franchisees, namely, quick service Mexican restaurants. Defendants' use of the term "Taco Chon" imitates the Mark in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of those restaurants.

26.     On February 1, 2022, TJI sent Defendants a cease and desist letter advising that "Taco Chon" is likely to cause confusion with "Taco John's." TJI demanded that Defendants cease using the mark "Taco Chon." TJI's counsel also spoke with Defendant Juan Ramos a/k/a Juan Ramos Gutierez a/k/a Juan Jose Ramos Gutierez, the owner and registered agent of the "Taco Chon" restaurants, again asking that his companies and he cease infringing on the Mark.

27.     Despite these repeated demands, Defendants continue to unlawfully use "Taco Chon" on their websites, on their social media platforms, and throughout their restaurants.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Pursuant to the Statutory Laws of the United States against all Defendants)

28.     Plaintiffs incorporate all prior paragraphs.

29.     Spicy Seasonings has federally-registered the Mark. Spicy Seasonings licenses the Mark to TJI, who, in turn, licenses it to its franchisees.

30.     The Mark has been widely publicized through advertising in the United States. Taco John's has spent millions of dollars in this regard. As a result, the Mark is well and favorably known to the purchasing public as a distinctive indicator of the goods and services offered by TJI and its franchisees. The public associates the Mark with goods of a high and uniform quality. This enables TJI and those who lawfully license the Mark to compete more effectively in the marketplace.

31.     The Defendants possess no right to use the Mark yet are using a mark in connection with the sale of goods and services that are substantially similar to those offered by TJI and its franchisees.

32.     The Defendants are using the term "Taco Chon" in connection with quick service Mexican restaurants to confuse prospective purchasers, thereby inducing purchasers to believe,

contrary to fact, that the goods offered by Defendants are rendered, sponsored, or otherwise connected to Taco John's.

33.     The Defendants' use of the term "Taco Chon" constitutes infringement within the meaning of 15 U.S.C. § 1114 as such use is likely to cause confusion, to cause mistake, or to deceive.

34.     The Defendants had actual knowledge of the Plaintiffs' rights in the Mark during their infringing activities. Thus, the Defendants are willfully and deliberately infringing the Plaintiffs' rights in the Mark.

35.     The Defendants' infringement has caused irreparable injury, loss of reputation and pecuniary damages to Spicy Seasonings, TJI, and TJI's franchisees. Unless enjoined by this Court, the Defendants will continue their infringement to the Plaintiffs' immediate and irreparable damage. Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to preliminary and permanent injunctive relief.

36.     In addition to injunctive relief, pursuant to 15 U.S.C. § 1117, the Defendants' unlawful use of and/or infringement upon the Mark has caused Plaintiffs to suffer substantial direct and consequential damages in an amount to be established at trial. Under 15 U.S.C. §1117(a), Plaintiffs are entitled to recover Defendants' profits, any damages suffered by Plaintiffs including enhanced damages and the costs of this action.

37.     Moreover, as this case is exceptional, particularly after receipt of a cease and desist letter, Plaintiffs are entitled to judgment for their reasonable attorneys' fees and costs, as provided for under 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**(Trademark Dilution against all Defendants)**

38.     Plaintiffs incorporate all prior paragraphs.

39. For decades, Plaintiffs continuously promoted and used the Mark throughout the United States. The Mark has become a famous and well-known identifier of TJI and its goods and services well before Defendants began using the term "Taco Chon."

40. Defendants' use of "Taco Chon" in commerce dilutes the distinctiveness of Plaintiffs' "Taco John's" Mark by (a) eroding the public's exclusive identification of the famous Mark with TJI; (b) tarnishing and degrading the positive association and quality connotation of the Mark; and (c) otherwise lessening the capacity of the Mark to identify and distinguish Plaintiffs' goods and services.

41. Defendants' actions, particularly after receipt of a cease and desist letter, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Mark or to cause dilution of the Mark to the great and irreparable injury of Plaintiffs.

42. Defendants have caused and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive Mark in violation of 15 U.S.C. § 1125(c). Plaintiffs therefore are entitled to injunctive relief and to Defendants' profits, actual damages, enhanced damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117

### THIRD CLAIM FOR RELIEF
**(Unfair Competition Pursuant to the Statutory Laws of the United States against all Defendants)**

43. Plaintiffs incorporate all prior paragraphs.

44. Spicy Seasonings, through TJI and its franchisees, began using the Mark in interstate commerce as early as 1970.

45. Plaintiffs and TJI's franchisees have invested millions to advertise and promote the Mark and the goods and services offered under the Mark.

46.     After Plaintiffs and TJI promoted the Mark for over 50 years, Defendants opened competitor restaurants called "Taco Chon" just miles away from existing Taco John's locations.

47.     As Taco John's competitor, Defendants are using the Taco Chon term to solicit the same consumers that frequent Taco John's.

48.      Defendants had knowledge of the Mark when they opened their restaurants using the "Taco Chon" name. Defendants intentionally adopted and used a facsimile of the Mark knowing the "Taco Chon" name would mislead and deceive consumers.

49.     The Defendants' use of the Mark in conjunction with the operation of a competing business is likely to cause confusion, to cause mistake and to deceive as to source or sponsorship of the Mark and thus constitutes willful and intentional unfair competition of the Mark in violation of 15 U.S.C. § 1125(a) particularly after the Defendants received a cease and desist letter.

50.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs. Therefore, Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
**(Violation of Minnesota's Uniform Deceptive Trade Practices Act against all Defendants)**

51.     Plaintiffs incorporate all prior paragraphs.

52.     Defendants have been passing off their goods and services as those of TJI, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with TJI, and otherwise damaging the public.

53.     Defendants' conduct constitutes unfair and deceptive practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes in Minnesota, Minn. Stat. § 325D.43, *et seq.*.

54.     Defendants' use of Taco Chon's has caused and is likely to cause substantial injury to the public and to Plaintiffs. Plaintiffs are thus entitled to injunctive relief and to recover damages in an amount to be determined at trial.

55.     Since Defendants willfully engaged in the trade practice knowing it to be deceptive, including after receipt of a cease and desist letter, Plaintiffs are also entitled to their attorneys' fees pursuant to Minn. Stat. § 325D.45(2).

## FIFTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation against all Defendants)

56.     Plaintiffs incorporate all prior paragraphs.

57.     Plaintiffs have extensively and continuously promoted and used the Mark throughout Minnesota. The Mark became a distinctive, famous, and well-known symbol of Plaintiffs within Minnesota well before Defendants used the term "Taco Chon."

58.     Defendants' conduct dilutes and is likely to dilute the distinctiveness of Plaintiffs' Mark by eroding the public's exclusive identification of this Mark with Plaintiffs, and tarnishing and degrading the positive associations and quality connotations of the Mark.

59.     Defendants are causing and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputation and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive Mark in violation of the Minnesota anti-dilution statute, Minn. Stat. § 333.285.

60.     Defendants willfully intended to trade on Plaintiffs' reputation or to cause dilution of Plaintiffs' famous mark.

Plaintiffs are therefore entitled to injunctive relief, damages, and costs in an amount to be determined at trial.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, for the reasons set forth above, Plaintiffs respectfully request the following relief:

A. Enter judgment in favor of Plaintiffs and against the Defendants, jointly and severally, on all claims for relief in this Complaint;

B. Grant a permanent injunction against the Defendants enjoining them from engaging in the following acts in accordance with Fed. R. Civ. P. 65:

    i. Using the term "Taco Chon" in connection with any Mexican themed restaurant, including but not limited to any signage, menus, advertising, directories, websites, and social media platforms;

    ii. Using in any manner any service mark, trademark, trade name, trade dress words, abbreviations, designs, colors, or combination thereof which would imitate, resemble, or suggest the Mark; and

    iii. Unfairly competing with Plaintiffs, diluting the distinctiveness of Plaintiffs' well-known Mark and otherwise injuring the Plaintiffs' business reputation in any manner.

C. Award Plaintiffs the Defendants' profits during the term the Defendants used the term "Taco Chon";

    i. Order that Defendants be compelled to account to Plaintiffs for any and all profits derived from sales utilizing the term "Taco Chon;"

D.  Award Plaintiffs their compensatory and consequential damages in an amount to be proven at trial;

E.  Award Plaintiffs pre- and post-judgment interest; enhanced, punitive, treble, or exemplary damages; and attorney fees and costs, pursuant to applicable rule or statutory provision; and

F.  Award Plaintiffs any such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Date:  April 26, 2022

*/s/Christopher A. Young*
Christopher A. Young (288998)
LARKIN HOFFMAN DALY & LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota 55437-1060
Telephone       952.835.3800
Facsimile        952.842.1832
cyoung@larkinhoffman.com

Harold R. Bruno III (pro hac vice forthcoming)
Nicholas F. Labor (pro hac vice forthcoming)
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
hbruno@rwolaw.com
nlabor@rwolaw.com

***ATTORNEYS FOR PLAINTIFFS***
*Taco John's International, Inc. and Spicy Seasonings, LLC*

4869-4141-5965, v. 1